## JAMES E. HENEKIN
### v.
## THE INDIANA BRIDGE COMPANY.

*Sales—Action for the Price—Estoppel—Evidence.*

One who purchases bridges by the pound, and at the time of each purchase receives a statement of the weights, can not, after putting them up without complaint, claim overcharge in weights, and prove the weights by measurement.

[Opinion filed October 8, 1890.]

IN ERROR to the Circuit Court of Lawrence County; the Hon. WM. C. JONES, Judge, presiding.

Messrs. E. CALLAHAN and SETH B. ROWLAND, for plaintiff in error.

Messrs. FOSTER & MCGAUGHEY, for defendant in error.

REEVES, J. Plaintiff in error acted as agent for defendant in error under a written contract for the years 1887 and 1888 in the sale of its bridges in Illinois, and other territory. By the terms of the contract between the parties, Henekin was to take contracts for bridges in the name of the bridge company. He was to be furnished bridges at a price specified in the contract on board the cars at Muncie, Indiana, where the factory was located, and he was to receive the difference

between this price and the price at which he contracted to furnish and put up the bridges, as his compensation, he to pay freights and all the costs of putting the bridges in place.

The price so fixed was so much per pound for different kinds of bridges and different parts of the bridges. Under this contract the bridge company furnished Henekin a number of bridges, and this suit was brought by the company to recover a balance claimed to be due from Henekin. There is no dispute as to the number of bridges furnished. Henekin claims he was overcharged in weights; that the bridges did not weigh as much as he was charged in a number of cases. He seeks to maintain this part of his defense by making proof of the measurements of the bridges after they were put up, and a short time before this suit was tried, and from these measurements determine the weight of the bridges. It is not denied that Henekin was furnished an itemized statement of the amount of iron in each bridge at the time it was furnished. He had the opportunity then to test the accuracy of the weights charged and if he did not do so he can not expect that much consideration will be given to his objection of short weights, made for the first time nearly two years after most of the bridges were furnished. Again, we think that the testimony that an accurate measurement of the weight of a bridge can not be made after it is put up, is more satisfactory from the very nature of the case than that such a measurement can be made. Henekin claims that he weighed the Bridgeport bridge furnished August 31, 1887, and, of course, this must have been done before it was put up. He claims that the weight of this bridge fell short of the weight charged 2,700 pounds, and yet, so far as the testimony shows, the attention of the bridge company was not called to the shortage and no demand made for a rebate of the overcharge.

We think the trial court, trying the questions of fact without a jury, was justified in disallowing this defense. The account as presented by the bridge company at the trial showed charges and credits on account of commissions or pools. These were not allowed, as we infer from the amount of the judgment, and defendant in error concedes they should

not be considered in making up the account. We think the proof clearly shows a settlement between the parties on the 26th day of December, 1886. Taking from the balance found due by this settlement to the bridge company the pools that were included in it and there would remain the sum of $487.80.

From Dec. 26, 1886, to close of account
    Henekin is charged.................. $3,121 49
From this should be deducted amount of
    pools............................... 200 00
                                     ——————
Leaving a balance of................... $2,921 49
The amount of credits leaving items for
    pools out........................... 2,268 90
                                     ——————
Leaving balance due company on account
    1887 and 1888..................... $ 652 59
Add to this the balance due on settlement
    Dec. 26, 1886..................... 487 80
                                     ——————
And we have a total due to time account
    was made up...................... $1,140 39
Deduct cash paid after statement of ac-
    count.............................. 200 00
                                     ——————

Showing a balance due bridge company $ 940 39

The interest which defendant in error would be entitled to, added to this balance, would more than make the amount of the judgment of the Circuit Court, which was for $1,000. Finding no sufficient reason for disturbing the judgment of the Circuit Court the same is affirmed.

*Judgment affirmed.*